No. 22-6006

# In the United States Bankruptcy Appellate Panel for the Eighth Circuit

---

IN RE: STEVEN L. SWACKHAMMER

---

FARM CREDIT SERVICES OF AMERICA, PCA,

*Appellant*,

v.

STEVEN L. SWACKHAMMER AND MICHELLE M. SWACKHAMMER,

*Appellees*.

CAROL DUNBAR,

*Chapter 12 Trustee*.

---

**ON APPEAL FROM**
**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

---

**APPELLEES' BRIEF**

---

ROBERT C. GAINER

CUTLER LAW FIRM, P.C.
1307 50TH STREET
WEST DES MOINES, IA 50266
515-223-6600

*Attorneys for Appellees*

## SUMMARY OF THE CASE

This appeal puts in front of the Court a request to read into 11 U.S.C. §1229 requirements that are not in the plain language of the statute. Even if this Court were to find that there must be a "change" in circumstances, or even a "change" of a "substantial" or "material" nature, the very factual findings of the Bankruptcy Court, along with the readily ascertainable knowledge of the COVID-19 pandemic, provide the evidentiary basis to support the Bankruptcy Court's grant of the Motion to Modify Plan After Confirmation requested by Debtors.

## ORAL ARGUMENT UNNECESSARY

Pursuant to Rule 8019(a) of the Federal Rules of Bankruptcy Procedure, Debtors do not believe that oral argument is needed, in that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Appellate Case: 22-6006     Page: 2     Date Filed: 12/23/2022 Entry ID: 5230114

## CERTIFICATION OF INTERESTED PARTIES

CASE NO. 22-6006, FARM CREDIT SERVICES OF AMERICA, PCA v. STEVEN L. SWACKHAMMER, et al.

Certification Required by L.R. BAP 8th Cir. 8014A(b)(1): the undersigned, counsel of record for Steven L. Swackhammer & Michelle M. Swackhammer, certifies the following listed parties have an interest in the outcome of this appeal. These representations are made to enable the judges of the panel to evaluate possible disqualification or recusal.

Steven L. Swackhammer

Michelle M. Swackhammer

Steven L. Swackhammer, d/b/a Swackhammer Farms, d/b/a Swackhammer, Inc.

Farm Credit Services of America, PCA

CNH Industrial Capital America, LLC

Carol Dunbar, Esq., Chapter 12 Trustee

Robert C. Gainer, Esq., Cutler Law Firm, West Des Moines, Iowa

Thomas H. Burke, Esq. Whitfield & Eddy, PLC, Des Moines, Iowa

Johannes (John) H. Moorlach, Esq., Whitfield & Eddy, PLC, Des Moines, Iowa

Peter C. Chalik, Esq., Whitfield & Eddy, PLC, Des Moines, Iowa

Miranda Hughes, Brown Winnick Law Firm, Des Moines, Iowa

**/s/ Robert C. Gainer**
Cutler Law Firm, P.C.
1307 50th Street
West Des Moines, IA 50266
Attorney for Steven L. Swackhammer & Michelle M. Swackhammer

ii

## CERTIFICATION OF RELATED CASES

Certification Required by L.R. BAP 8th Cir. 8014A(b)(2): the undersigned, counsel of record for Steven L. Swackhammer & Michelle M. Swackhammer, Appellees, certifies that, except for the underlying bankruptcy case from which the present appeal is taken, undersigned counsel is not aware of any known related cases before a United States Court of Appeals, a United States District Court, a United States Bankruptcy Court, or a United States Bankruptcy Appellate Panel.

**/s/ Robert C. Gainer**
Cutler Law Firm, P.C.
1307 50th Street
West Des Moines, IA 50266
Attorney for Steven L. Swackhammer & Michelle M. Swackhammer

# TABLE OF CONTENTS

SUMMARY OF THE CASE................................................................................i

ORAL ARGUMENT UNNECESSARY .............................................................i

CERTIFICATION OF INTERESTED PARTIES ................................................ ii

CERTIFICATION OF RELATED CASES..........................................................iii

TABLE OF CONTENTS ................................................................................ iv

TABLE OF AUTHORITIES............................................................................v

JURIDICTIONAL STATEMENT .....................................................................1

STATEMENT OF THE ISSUES PRESENTED....................................................1

STATEMENT OF THE CASE ..........................................................................1

    A.   Background.........................................................................................1

    B.   Procedural History .............................................................................2

SUMMARY OF THE ARGUMENT ...................................................................4

ARGUEMENT..............................................................................................6

    I.   11 U.S.C. § 1229 does not require a demonstration of any change, let alone a "substantial" or "material" change, to grant a post-confirmation Bankruptcy Modification Legal Standards ......................................... 6

        A.   Legal Standards.............................................................................. 6
        B.   Debtors are not required to meet any standard for a post-confirmation plan modification beyond the limited, express requirements of 11 U.S.C. §1229........................................................10

    II.   Even if the Bankruptcy Appellate Panel were to agree with Appellants, Debtors prove a substantial and unanticipated change of significant magnitude expressly recognized by the Bankruptcy Court .................................................................................12

CONCLUSION ............................................................................................13

CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. BANKR. P. 8015(h).....................................................................................................14

CERTIFICATE OF VIRUS-FREE DOCUMENT....................................................14

CERTIFICATE OF SERVICE .........................................................................15

Appellate Case: 22-6006     Page: 5     Date Filed: 12/23/2022 Entry ID: 5230114

# TABLE OF AUTHORITIES

**Cases**

*In re Acceptance Ins. Companies Inc.,*
     567 F.3d 369, 380 (8th Cir. 2009) ……………………………….... 9

*In re Cockhren*,
     2010 WL 3952880 (Bankr. N.D. Iowa Oct. 7, 2010) ……………………... 9

*In re Dittmer*,
     82 B.R. 1019, 1021 (Bankr. N.D. 1988) …………………………….…. 8

*In re Grogg Farms, Inc.*,
     91 B.R. 482 (Bankr. N.D. Ind. 1988) ……………………………….....11

*In re Jellings*,
No. 94-51864 Slip Opinion
(Bankr. N.D. Iowa Feb. 5, 1996)(Edmonds, J.) ………………… 8, 9, 10, 11

*In re Schnakenberg*,
     195 B.R. 435 (Bankr. D. Neb. 1996) ……………………………… 11, 12

*In re Wruck*,
     183 B.R. 862 (Bankr. D. N.D. 1995) ……………………………… 9, 10

Appellate Case: 22-6006   Page: 6   Date Filed: 12/23/2022 Entry ID: 5230114

**Statutes, Rules and Regulations**

11 U.S.C. § 1222(a) ……………………………………………………………… 5, 7

11 U.S.C. § 1222(b) …………………………………………………………..... 7

11 U.S.C. § 1223(c) ……………………………………………………………. 7

11 U.S.C. § 1225 ……………………………………………………....… 5, 7, 10

11 U.S.C. § 1229 ............................................................................ *passim*

11 U.S.C. § 1229(b)(1) …………………………………….…….…………… 10

Fed. R. Ev. 201(c) …………………………………………………………..... 12

**Legislative History**

*H. Rep. No. 595, 95th Cong., 1st Sess.*, pt. 1 at 125 (1977) …………………..…… 8

**Other Authorities**

*2 Lundin, Chapter 13 Bankruptcy 6.42* at 6-115-16 (1993) …………………….. 9

Appellate Case: 22-6006     Page: 7     Date Filed: 12/23/2022 Entry ID: 5230114

# JURISDICTIONAL STATEMENT

Appellees are satisfied with the Appellant's Jurisdictional Statement.

# STATEMENT OF THE ISSUES PRESENTED

Appellees are satisfied with the Appellant's Statement of the Issues Presented.

# STATEMENT OF THE CASE

## A.  Background

Debtors Steven and Michelle Swackhammer are individuals who have been farming corn and soybeans in and around Warren County, Iowa, in the central Iowa region for an excess of 40 years.  Dkt 115 (Confirmed Plan).  The Debtors filed their Chapter 12 Petition on September 13, 2018.  Dkt 1. Since Confirmation of Modified Plan on September 9, 2019, the Debtors have encountered unanticipated changes in circumstances, to include the COVID-19 pandemic, tariffs and supply chain logistical issues imposed on grain sales as well as unexpected problems associated in implementing a farm reorganization, to include:  extreme weather not experienced in the central Iowa region for in excess of 40 years, staffing sicknesses and cancer of the Debtor requiring radiation, that have caused them to seek modifications of their plan of reorganization.

1

## B.   Procedural History

On September 13, 2018, Debtor filed their petition for reorganization under Chapter 12 of the United States Bankruptcy Code (Title 11) in the United States Bankruptcy Court for the Southern District of Iowa. D e s i g n a t i o n -  BK Dkt #1. The Chapter 12 Petition was filed in response to contested state court actions between the Debtors, and Farm Credit Services of America (hereafter, FCSA) as secured creditor. Designation- BK Dkt #64-4.   The contested nature of the relationship between the Debtors and FCSA persisted through the bankruptcy case, both pre- and post-Confirmation.   See Generally Designation- BK Dkt -  BK Dkt ##56/64 & 75, 83/91, 136/140,142, 184/192, 216/221,230, 237/231, 251/257 [Debtor Motion/FCSA objection][1]. Designation Amended Plan § 4.6 (B.R. No. 115); Claim Reg. No. 15. On August 23, 2019, Debtors filed their Chapter 12 Plan (Second Modified Plan) (hereafter, Plan) on September 6, 2019. Designation- BK Dkt #115,121.  The Court confirmed this plan on September 9, 2019 (hereafter, Confirmation).  Designation- BK Dkt #122.

Since the Confirmation, Debtors have faced unexpected events and dealt with a Global Pandemic.  Designation- BK Dkt #261,272; See Contested Actions' Motions.

Crop year 2019:   Such unexpected events include: the wettest year in Debtors farming history and the worst farming year since Debtor Steve

---

[1] The referenced Motion and Objections thereto, hereafter, Contested Actions.

2

Swackhammer began farming in 1978, equipment breakdowns, and staff sickness. Designation- BK Dkt #136 (Steve Swackhammer Affidavit). A Hearing was held on the Motion to Modify Plan, to which no Testimony was provided by FCSA. Designation- BK Dkt #157. The Court granted the modification on March 13, 2020, which provided the Debtors could make their 2019 payments over installments in 2020. Designation- BK Dkt #157.

Crop year 2020: Again, due to issues inclusive of: unexpected loss of farm ground for outright farming as a result of a delay in financing, thereby forcing the Debtor to custom farm, Debtors filed a Motion to modify Plan. Designation- BK Dkt #184. Debtors put before the Court the reasoning behind the need for a Modification, evidencing the Debtors' good faith in requesting such a change.[2] The Court granted the Debtor's Motion to Modify Plan after hearing and testimony by the Debtors. Designation- BK Dkt #204.

Crop Year 2021: Due to issues inclusive of financing, Debtor Steve Swackhammer's cancer and radiation treatment, and equipment issues, the Debtors sought a Motion to modify Plan. Designation- BK Dkt #216. The Debtors agreed

---

[2] Contrary to the representations of FCSA that Debtors "adopted substantial and unanticipated standard, explaining they experienced "unanticipated changes in circumstances and unexpected problems associated in implementing a farm reorganization" because of a "delay in financing," the Debtors' Motion speaks to only the reason behind the request, using terminology "unanticipated issues and circumstances". Designation- BK Dkt ##177, ¶9; 184, ¶10; both for the proposition that in enacting 11 U.S.C. §1229, Congress recognized the need for flexibility in the operation of a Chapter 12 Plan.

3

to sell off portions of their homestead to meet the Plan payment requirements. On May 12, 2022, the Bankruptcy Court held an evidentiary hearing on the objection levied by FCSA, where only Debtors testified. Designation- BK Dkt #261.

At the May 12, 2022 Hearing, along with at a subsequent non-testimonial hearing of August 9, 2022, the Bankruptcy Court declined to adopt reading into 11 U.S.C. §1229(a) any requirement beyond that expressly provided in §1229(a). Designation- BK Dkt ##261, 272. The Bankruptcy Court further went on to find that given the record before it, the testimony and evidence presented by the parties would even support granting the Debtors' requested modification under the "substantial and material unanticipated circumstances" standard advanced by FCSA. Designation- BK Dkt #272.

## SUMMARY OF THE ARGUMENT

The Appellant is asking this court to read into 11 U.S.C. §1229 a standard/requirement[3] that is not present in the statute itself. A plain language reading of the statute does not create any additional standard. There is no "substantial" or "material" modifier to the entitlement of a Chapter 12 Debtor seeking modification of a Chapter 12 bankruptcy plan after confirmation. The Code sets out the requirements for modification. The Debtor, through its evidentiary presentation and testimony before the underlying Bankruptcy court,

---

[3] That of a "substantial and unanticipated change of circumstances" as a standard for evaluation of whether a Debtor may modify a plan post-confirmation.

4

demonstrated circumstances that the Bankruptcy Court adjudged merited relief under §1229(a).

The Congress' construct of 11 U.S.C. §1229[4], *en toto*, mandates against the imposition of the standard advanced by Appellant, and further cuts against the Appellant's arguments surrounding finality.

- §1229(a) addresses that a Debtor may modify a confirmed plan in the fashion extended in (a)(1) – (a)(4);

- §1229(b) incorporates the requirements of §1222(a),(b), and (c) ("Contents of Plan"), and §1225(a) ("Confirmation of Plan"), that provide the framework for the fashion in which a modification must be accomplished;

- §1229(c) & (d) define the only finality component that the Congress expressly wrote into a Debtor's ability to modify a plan post-confirmation.

The Eighth Circuit has not been asked to opine as to whether "substantial and unanticipated change of circumstances" is required to justify modification. The bankruptcy courts for both the Northern and Southern Districts of Iowa have held that such a modifier is not proper and should not be read into the Code.

Appellant further argues that the bankruptcy court should not have allowed Debtors to seek plan modification under any standard. This is a factual determination to which the trial court/Bankruptcy Court has been vested with authority, and under no standard did the Bankruptcy Court abuse its discretion in granting any motion to modify plan brought by Debtors.

---

[4] Hereafter, references to § or Section will be to that of Title 11 United States Code (Bankruptcy Code).

5

The Bankruptcy Court sitting Judge, Judge Lee M. Jackwig, was installed as a Judge in 1986, in the midst of this nation's farm crisis. This Bankruptcy Court Judge has dealt with farm bankruptcies in the Southern District of Iowa for in excess of 35 years. Significant deference must be provided to the experience and understanding of this particular Bankruptcy Judge as to the observation, notice, and understanding of the farming community in Central Iowa; and the credibility findings relative to testimony of the witnesses.

In line with the plain language of 11 U.S.C. §1229, 1229(a), this Court should affirm the Bankruptcy Court for the Southern District of Iowa's ruling that there is no requirement for a Chapter 12 Debtor prove up "substantial and unanticipated change of circumstances" as a standard for a Debtor's right to modify a plan post-confirmation. This Court should further affirm the Bankruptcy Court for the Southern District of Iowa's final order granting the Motion, and Minute Order, to Modify Plan at Designation- Bk Dkt## 255, 267; and for any further relief this Court deem appropriate.

## ARGUMENT

**I.      11 U.S.C. § 1129 does not require a demonstration of any change, let alone a "substantial" or "material" change, to grant a post-confirmation Modification.**

**A.      Legal Standards**

6

11 U.S.C. §1229 provides as follows:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, on request of the debtor, the trustee, or the holder of an allowed unsecured claim, to-

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments;

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or

(4) provide for the payment of a claim described in section 1232(a) that arose after the date on which the petition was filed.

(b)     (1) Sections 1222(a), 1222(b), and 1223(c) of this title and the requirements of section 1225(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

(d) A plan may not be modified under this section-

(1) to increase the amount of any payment due before the plan as modified becomes the plan;

(2) by anyone except the debtor, based on an increase in the debtor's disposable income, to increase the amount of payments to unsecured creditors required for a particular month so that the aggregate of such payments exceeds the debtor's disposable income for such month; or

(3) in the last year of the plan by anyone except the debtor, to require payments that would leave the debtor with insufficient funds to carry on the farming operation after the plan is completed.

11 U.S.C. §1229.

There is no controlling case authority issued by the Eighth Circuit

surrounding the reading of §1229 as applied to a request for modification of a plan post-confirmation. In Iowa, both the Northern District and Southern District of Iowa hold that in the context of a Chapter 12 post-confirmation modification, the "debtors need not show a material or substantial, unanticipated change in circumstances to obtain modification of a Chapter 12 plan". In re Jellings, No. 94-51864, slip op. at page 4 (Bankr. N.D. Iowa Feb. 5, 1996)(Edmonds, J.); In re Swackhammer, instant case.

Reference to the legislative history of Chapter 13, upon which Chapter 12 is based, "suggests that post-confirmation modification is intended as a method of addressing unforeseen difficulties that arise during plan administration." In re Dittmer, 82 B.R. 1019, 1021 (Bankr. N.D. 1988). The Dittmer Court referenced the specific legislative history for post-confirmation plan modification in the context of a Chapter 13, providing

> If a problem arises in the execution of the plan, the bill permits modification of the plan, either through a scaling down of payments, a temporary moratorium, or an extension of time for performance. If the problems, such as a natural disaster, a long term layoff, or family illness or accidents with attendant medical bills, are severe enough that modification is impracticable, the debtor's inability to make further payments is due to circumstances for which he should not justly be held accountable, and if his creditors have already received at least what they would have if the debtor had opted for straight bankruptcy, then the court may terminate performance under the plan and grant the debtor his discharge notwithstanding incomplete performance.

Id. citing H. Rep. No. 595, 95th Cong., 1st Sess., pt. 1 at 125 (1977). From the

<u>Jellings</u> court,

> 'Changed circumstances' should not be a separate condition for modification of a confirmed plan but should be considered as evidence bearing on the good faith of the proponent of the modified plan under 1325(a)(3) and 1329(b)(1). The conditions for confirmation of a modified plan are fully set forth by Congress in 1329(b). The changed-circumstance test is an unwarranted judicial reaction to the fear that the existing statutory restrictions on confirmation of modified plans are insufficient to protect the finality of confirmation orders."

<u>Jellings</u>, <u>citing</u> 2 Lundin, Chapter 13 Bankruptcy 6.42 at 6-115-16 (1993).

Other Bankruptcy Courts of this Circuit recognize that a modification must "fit within the statutorily-defined parameters of §1229(a)…" <u>In re Wruck</u>, 183 B.R. 862, 865 (Bankr. D. N.D. 1995).

Amongst the Federal Circuits, there is a split in authority surrounding what §1229 requires relative to entitlement of a post-confirmation modification under §1229(a). <u>See</u> <u>Generally</u> <u>In re Cockhren</u>, 2010 WL 3952880 (Bankr. N.D. Iowa Oct. 7, 2010)(Kilburg, J.) (A chapter 13 case collecting cases on the whether or not Debtors require a change in circumstance for entitlement to a post-confirmation plan modification).

On appeal, the court gives great deference to the bankruptcy court's factual findings, especially when those findings call for assessment of witness credibility. <u>In re Acceptance Ins. Companies Inc.</u>, 567 F.3d 369, 380 (8th Cir. 2009)

9

**B.** **Debtors are not required to meet any standard for a post-confirmation plan modification beyond the limited, express requirements of 11 U.S.C. §1229.**

The Congress was clear in their drafting of §1229, and particularly §1229(a), surrounding the ability of a Debtor to obtain a post-confirmation plan modification, and there is no express requirement that there be any change, let along a "substantial" or "unanticipated" change. Section 1229 is plain on its face, and there is no additional standard to be read into the statute. The Jellings Court is instructive in this regard:

> I reach that conclusion [that debtors need not show a material or substantial, unanticipated change in circumstances in order to obtain modification of a chapter 12 plan] because the requirement is not expressed in the statute and because I think the limitations on modification which are expressly stated permit the court sufficient discretion to prevent abuse. Section 1229(a) circumscribes the types of modifications that can be obtained. Modifications may not be obtained if the plan as modified would not comply with plan confirmation requirements, including the requirement that the plan be proposed in good faith (11 U.S.C. 1229(b)(1), incorporating 1225(a)).

Jellings, at 4. The Court's rationale is in line with the legislative history (Chapter 13 on post-confirmation plan modification), and the cases within the Eighth Circuit finding that post-confirmation plan modifications are to be had in the context of conformance with the statutory requirements. See Wruck, 183 B.R. at 866.

The Swackhammers met the criteria required under §1229 for post-confirmation plan modifications through their evidentiary and testimonial presentations. Debtor Steven Swackhammer's cancer, staff pneumonia, unforeseen

10

occurrences such as the extent of breakdowns, natural disasters (Global Pandemic), heavy environmental issues (rain and moisture), and loss of land, are exactly the post-confirmation events that §1229 was meant to address, in the context of the local Bankruptcy Judge evaluating whether the proposed modification meets the §1229 requirements and is proposed in good faith.  See Jelling at page 4.

Appellant argues about concern for finality relative to a debtor's plan of reorganization, and the binding affect of *res judicata* and need for certainty. However, the legislative history of §1229, and as addressed by persuasive case authority within the Eighth Circuit, have analyzed this argument and found it falls flat.  In In re Schnackenberg, the Bankruptcy Court for the District of Nebraska, while addressing an older version of Chapter 12 of the Bankruptcy Code, spoke to finality as follows:

> Section 1229(c) is a rule of finality. It precludes modification of longer term debt, unless that modification would provide for payments to be completed in three to five years after the first payment became due under the plan. It is certainly true that section 1229(c) appears to be a harsh rule that severely limits a debtor's ability to modify the rights of a secured creditor in a Chapter 12 case. However, I conclude that this is what Congress stated in section 1229(c)…

Matter of Schnackenberg, 195 B.R. 435, 439 (Bankr. D. NE 1996)(Minahan, J).[5]

---

[5] Appellant argues for the proposition that Matter of Schnakenberg stands for the proposition requiring a "'substantial and unanticipated change in circumstances' to modify a confirmed plan under Chapter 12" material change".  App Brief at 16.  This quotation is not a finding or a ruling of Schnakenberg, but rather a reference to what other courts have required.  See 195 B.R. 439 (referencing In re Grogg Farms, Inc.,

11

The Congress' plain language drafting of §1229 requires no additional standard or burden be read into §1229(a).

## II. Even if the Bankruptcy Appellate Panel were to agree with Appellants, Debtors prove a substantial and unanticipated change of significant magnitude expressly recognized by the Bankruptcy Court.

The Bankruptcy Court expressly found that the events giving rise to the Motion to Modify Plan at Dkt #255 constitute substantial and unanticipated changes warranting the granting of that Motion. Designation- BK Dkt #255,267; Transcript at 272. The Bankruptcy Court, in the Court's familiarity with the farming community and events experienced by farmers in Central Iowa, the Court's evaluation of the credibility of the witnesses and weight of the evidentiary presentation, identified debtor's Steven Swackhammer's cancer, unforeseen occurrences such as the extent of breakdowns, natural disasters (Global Pandemic)[6], and financing issues, to make a factual determination that such events and occurrences rose to any material or substantial standard of unanticipated changes to merit granting the Motion to Modify at #255. Id. Appellant cannot demonstrate any *clear error* as to the factual determinations on the magnitude of the post-

---

91 B.R. 482 (Bankr. N.D. Ind. 1988)). Schnakenberg makes no specific finding as to whether post-confirmation plan modification requires either a change, or "material change".

[6] Though Debtor Steven Swackhammer testified to the effects his farming enterprise was dealing contemporaneously with the COVID-19 Global Pandemic, the Court can take Judicial Notice- with or without request. See Designation- BK Dkt #261; Fed. R. Ev. 201(c).

12

confirmation events and occurrences' impact on the debtor's entitlement to the modification sought. As such, regardless of the manner in which this Court rules surrounding the applicable legal standard, the findings of the Bankruptcy Court surmount any such standard and entitle the Order granting the Motion to Modify Plan be affirmed.

## CONCLUSION

In line with the plain language of 11 U.S.C. §1229, 1229(a), this Court should affirm the Bankruptcy Court for the Southern District of Iowa's ruling that there is no requirement for a Chapter 12 Debtor prove up "substantial and unanticipated change of circumstances" as a standard for a Debtor's right to modify a plan post-confirmation. This Court should further affirm the Bankruptcy Court for the Southern District of Iowa's final order granting the Motion, and Minute Order, to Modify Plan at Designation- Bk Dkt## 255, 267; and for any further relief this Court deem appropriate.

Respectfully submitted,

*/S/ ROBERT C. GAINER*
**ROBERT C. GAINER**
CUTLER LAW FIRM, P.C.
1307 50TH STREET
WEST DES MOINES, IA 50266
515-223-6600
*Attorneys for Appellees*
*Steven L. & Michelle M. Swackhammer*

13

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO FED. R. BANKR. P. 8015(h)

1.     This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced type face using Microsoft Word 2019 in Times New Roman 14-point font.

2.     This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), it contains 3,326 words.

*/s/ Robert C. Gainer*

## CERTIFICATE OF VIRUS-FREE DOCUMENT

In accordance with 8th Cr. L.R. 28A(h)(2), the version of this brief electronically submitted to the Court has been scanned and is virus free.

*/s/ Robert C. Gainer*

Appellate Case: 22-6006     Page: 21     Date Filed: 12/23/2022 Entry ID: 5230114

## CERTIFICATE OF SERVICE

Pursuant to L.R. BAP 8th Cir. 8014A(c), the foregoing brief was served upon the following counsel in this matter by the Notice of Electronic Filing through the CM/ECF system on December 23, 2022 as follows:

| | |
|---|---|
| Tom Burke, Esq.<br>Peter Chalik, Esq.<br>John Moorlach, Esq.<br>Whitfield & Eddy, PLC<br>699 Walnut Street, Suite 2000<br>Des Moines, IA 50309<br>Burke@whitfieldlaw.com<br>chalik@whitfieldlaw.com<br>moorlach@whitfieldlaw.com<br>*Attorneys for Appellant* | Carol F. Dunbar, Esq.<br>2616 Orchard Drive, Suite B<br>Cedar Falls, IA 50613<br>319-260-2282<br>ssteffen@iowachapter13.com<br><br>*Chapter 12 Trustee* |

The undersigned declares under penalty of perjury that the foregoing is true and correct.

**/s/ Robert C. Gainer**

15